United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISHMAEL JENKINS BURCH,
Plaintiff,

v.

MANDADERO, et al.,
Defendants.

Case No. 26-cv-03353-NW

**ORDER TERMINATING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING MATTER WITHOUT PREJUDICE**

Re: ECF No. 2

Plaintiff Ishmael Jenkins Burch filed a *pro se* civil rights lawsuit alleging that Defendants, correctional officers at San Quentin Rehabilitation Center, retaliated against him. ECF No. 1. He also filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the motion to proceed IFP is **TERMINATED** as moot and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

Burch alleges that Correctional Officers Mandadero, Reyes, and Huey collectively retaliated against him while he was housed at San Quentin Rehabilitation Center.[1] Mandadero reportedly pressured Burch into providing information about unspecified contraband in the prison. After Burch refused to do so, Reyes and Huey issued two write-ups against Burch "for not complying with [Mandadero's] demands." ECF No. 1 at 3. The write-ups delayed Burch's release date, and he now seeks monetary damages and restoration of credits assessed as a result of the write-ups.

[1] All allegations in this section are from the Complaint and its exhibits. *See* ECF No. 1.

## II. DISCUSSION

### A. Proper Remedy

Prisoners may generally pursue federal relief related to their imprisonment through two major avenues: (1) a petition for writ of habeas corpus, or (2) a civil rights complaint under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Habeas corpus is the appropriate remedy for challenges to the validity of the fact or length of confinement or matters affecting the duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 526 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). Here, although it is unclear how many credits were assessed, to the extent that Burch explicitly seeks to "get [his] time back that was took from [him] because of the write-ups," his claim must be pursued through habeas corpus. ECF No. 1 at 3.

### B. *Heck*

The claim is also presently barred by the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 643–49 (1997).

Under *Heck*, a prisoner may not bring a claim under § 1983 that necessarily implies the invalidity of a conviction or sentence until he has succeeded in invalidating the conviction or sentence by other means, such as through the grant of a writ of habeas corpus. *See* 512 U.S. at 486–87. *Heck* also applies to § 1983 claims arising from prison disciplinary proceedings that resulted in a sanction that affects a prisoner's term of confinement, such as the loss of good time credits. *See Edwards*, 520 U.S. at 648. A prisoner's challenge to a prison disciplinary proceeding is barred by *Heck* if judgment in his favor would necessarily imply the invalidity of the resulting loss of good time credits. *Id.* at 646. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *see Edwards*, 520 U.S. at 643–49 (holding that plaintiff's claim for declaratory relief and money damages against a prison official was barred by

*Heck* because the plaintiff's "allegations of deceit and bias on the part of the decisionmaker . . . necessarily impl[ied] the invalidity of the punishment imposed[.]").

Here, based on the allegations in the Complaint, the Court finds that *Heck* and *Edwards* bar Burch's retaliation claim. Namely, if Burch prevails on his claim that the write-ups were fabricated and issued for a retaliatory or improper purpose, it will necessarily imply that the proceedings resulting in punishment of loss of good time credit were invalid. *Accord Weisner v. Salinas*, No. 22-cv-05382-CRB, 2024 WL 695668, *3 (N.D. Cal. Feb. 20, 2024); *Burgess v. Raya*, 690 F. App'x 483, 484 (9th Cir. 2017) (retaliation claim against correctional officers barred by *Heck* because success would imply invalidity of disciplinary proceedings); *Cole v. Spears*, No. 22-cv-5925-MEMF-JPR, 2023 WL 5506003, at *3–4 (C.D. Cal. Jul. 12, 2023) (unless plaintiff can show disciplinary decision has been invalidated, claim that rules violation report was issued for retaliatory or improper purpose barred by *Heck* because plaintiff prevailing would imply hearing officer's findings and imposed punishment are invalid); *Blair v. Herrera-Salazar*, No. 19-cv-1261-DMS-KSC, 2021 WL 8013610, at *5 (S.D. Cal. Sept. 27, 2021) (retaliation claim barred by *Heck* because plaintiff prevailing would invalidate rules violation report, disciplinary hearing and loss of good time credits), *accepted by* 2022 WL 1047515 (S.D. Cal. Apr. 7, 2022); *see also Luster v. Amezcua*, No. 16-cv-0554-LJO-GSA, 2019 WL 1442992, at *8 (E. D. Cal. Apr. 1, 2019) (retaliation claim barred by *Heck* because plaintiff's theory depended on finding that charges against her were false, which would necessarily imply invalidity of punishment imposed). The retaliation claim against Defendants must therefore be dismissed unless or until the underlying write-ups are invalidated.

## III. CONCLUSION

The Court orders as follows:

1. The motion to proceed IFP (ECF No. 2) is **TERMINATED** as moot.
2. Based on the foregoing, the Complaint is **DISMISSED WITHOUT PREJUDICE** to Burch challenging the RVRs through habeas corpus, and without prejudice to Burch reopening this matter once he can show that the underlying RVRs have been invalidated.

United States District Court
Northern District of California

3. The Clerk is ordered to include a blank 28 U.S.C. § 2254 habeas corpus petition form with Burch's copy of this order and shall close the file.

**IT IS SO ORDERED.**

Dated: July 21, 2026

Noël Wise
United States District Judge